UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/2020
```

-------------------------------------------------------------------X
YOVANNY DOMINGUEZ, for himself and on  :
behalf of all other persons similarly situated,  :
                                             :
                         Plaintiff,    :             1:20-cv-00168-GHW
            -against-            :
                                             :             ORDER
AEDES DE VENUSTAS, INC.,         :
                                             :
                      Defendant.    :
-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On July 8, 2020, the Court wrote in an order:

> On May 15, 2020, the Court wrote in an order that "[i]f the defendant has not appeared by July 1, 2020, the Court expects that Plaintiff will seek a default judgment." Dkt No. 14. The Court observes that the defendant still has not appeared in this case, but Plaintiff has not moved for default judgment. Indeed, Plaintiff has failed to prosecute this case. **A continued failure may result in dismissal.** If Plaintiff no longer wishes to pursue the case, she can dismiss it under Federal Rule of Civil Procedure 41(a)(1)(A)(i). But if the case is pending, the Court expects that Plaintiff will actively prosecute it.

Dkt No. 15 (emphasis added). The Court observes that Plaintiff has done nothing since the Court entered that order to prosecute this case.

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider:  (1) the duration of Plaintiffs' failures; (2) whether Plaintiffs have received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  However, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent.").

The Court provided Plaintiff with a clear warning that further delays in litigating their remaining claims would result in dismissal, *see* Dkt. No. 15.  And because Plaintiffs have failed to take meaningful steps against Defendants, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio v. Beckford*, No. 05-cv-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).  In light of Plaintiff's demonstrated disinterest in prosecuting their claims against Defendants, the Court does not believe that any lesser sanction other than dismissal would be effective.  Accordingly, this action

is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court is directed to terminate all pending motions, adjourn all deadlines, and close this case.  The Clerk of Court is further directed to serve this Order by certified mail on Plaintiffs and note proof of service on the docket.

SO ORDERED.

Dated:  September 4, 2020

_____
GREGORY H. WOODS
United States District Judge